IN THE SUPREME COURT OF THE STATE OF DELAWARE

GARY JONES, § 
§ No. 101, 2020
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. 1706012725,
STATE OF DELAWARE, § 1708022021(N)
§
Plaintiff Below, §
Appellee. §

Submitted: June 17, 2020
Decided: July 20, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Gary J. Jones, filed this appeal from the Superior Court's denial of his motion for sentence reduction. The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)    A Superior Court jury found Jones guilty of aggravated menacing, possession of a deadly weapon during the commission of a felony ("PDWDCF"), terroristic threatening, second-degree unlawful imprisonment, third-degree assault, endangering the welfare of a child, and two counts of breach of conditions of bond

during commitment. On August 3, 2018, the Superior Court sentenced Jones to a total of fifteen years of unsuspended prison time, followed by decreasing levels of supervision. The sentencing order noted both mitigating and aggravating factors. This Court affirmed on direct appeal.[1]

(3) On January 7, 2019, Jones filed a motion for sentence reduction. He argued that the Superior Court should reduce his sentence because (i) he had not committed the offenses with excessive cruelty; (ii) "domestic violence" is a class A misdemeanor with a sentencing range of up to one year in prison; (iii) the Superior Court did not state aggravating factors to support exceeding the presumptive sentences for his offenses; and (iv) his counsel had provided poor advice concerning a plea offer made by the State. The Superior Court denied the motion on the grounds that (i) Jones had not demonstrated extraordinary circumstances to warrant consideration of the motion more than ninety days after the sentence was imposed;[2] (ii) contrary to Jones's contention, the court had identified the aggravating factors that it had considered at sentencing; (iii) Jones's assertion that he was not excessively cruel demonstrated that he continued to depreciate the gravity of his offense; (iv) Jones was not convicted of an offense entitled "domestic violence"; and (v) a motion

---

[1] *Jones v. State*, 2020 WL 91815 (Del. Jan. 7, 2020).
[2] *See* DEL. SUPER. CT. CRIM. R. 35(a) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing.").

2

for reduction of sentence was not the appropriate procedural mechanism for pursuing a claim of ineffective assistance of counsel. This appeal followed.

(4) We review the denial of a motion for sentence modification for abuse of discretion.[3] On appeal, Jones argues that (i) his motion was not time barred because he was diligently pursuing his rights and his counsel did not inform him in a timely manner that counsel would not file a motion for sentence reduction; (ii) Delaware law favors keeping families together; (iii) the Superior Court ignored mitigating factors; (iv) Jones is at high risk for contracting COVID-19; and (v) he has completed various programs within the prison.

(5) As an initial matter, it appears that Jones did not present all of these issues to the Superior Court, and we therefore need not consider such issues on appeal.[4] In any event, his contentions do not demonstrate that the Superior Court abused its discretion by denying his motion. "It is well-established that appellate review of sentences is extremely limited. Thus, generally speaking, our review ends upon a determination that the sentence is within the statutory limits prescribed by the legislature."[5] Jones does not argue on appeal that his sentence exceeds statutory

---

[3] *Evans v. State*, 2017 WL 4680742 (Del. Oct. 17, 2017).
[4] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").
[5] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citations omitted).

limits.[6] Indeed, review of the offenses for which he received unsuspended prison time confirms that his sentence is within statutory limits. PDWDCF is a class B felony,[7] which is subject to a sentence of up to twenty-five years in prison;[8] his fourteen-year sentence for that offense therefore does not exceed the statutory limit. Similarly, endangering the welfare of a child and second-degree unlawful imprisonment are class A misdemeanors,[9] subject to a sentence of up to one year in prison.[10] Jones's sentences for these offenses—for each offense, one year of imprisonment, suspended after six months for one year of Level III probation— therefore do not exceed statutory limits.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] As noted by the Superior Court, his argument that "domestic violence" is a misdemeanor with a maximum sentence of one year is without merit, because Jones was not convicted of an offense entitled "domestic violence."

[7] 11 *Del. C.* § 1447(a).

[8] *Id.* § 4205(b)(2).

[9] *Id.* §§ 781, 1102(b)(4). Depending on the circumstances of the case, endangering the welfare of a child can be charged as a felony; in this case, Jones was indicted for misdemeanor endangering the welfare of a child.

[10] *Id.* § 4206(a).